# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| WELLS FARGO BANK, N.A., et al., | Case No. 2:17-cv-02677-RFB-GFW |
| Plaintiffs, | **ORDER** |
| v. | |
| GIAVANNA HOMEOWNERS ASSOCIATION et al., | |
| Defendants. | |

Before the Court is Defendant's Motion for Relief . ECF No. 80. Defendant seeks to vacate the Judgment in this case based upon an intervening change in the law governing the dispute in this case.

Fed. R. Civ. P. 60)b) permits relief from final judgments, order, or proceedings. Such relief, if based upon a motion filed within one year of the challenged judgment, may be justified by any "reason that justifies relief." Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. Sch. Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

Defendant Saticoy Bay argues that this Court should reconsider the Judgement in this case, since it was based upon the Nevada Supreme Court's decision in Bank of Am., N.A. v. Thomas Jessup, LLC Series VII, 435 P.3d 1217 (Nev.2019)("Jessup I") and this decision was partially overruled by the Nevada Supreme Court in Bank of America, N.A. v. Thomas Jessup, LLC Series VII, 462 P.3d 255 (Nev. 2020) (en banc) (unpublished) ("Jessup II").

This Court agrees. After the Court issued its ruling (ECF No. 63), the Nevada Supreme Court issued Jessup II which altered the inquiry for determining futility of tender in the context of an HOA foreclosure sale. The Court finds that its findings of fact in its prior order are insufficient under current Nevada law to support the Judgment in this case. The Court rejects Plaintiff's argument that it can disregard Jessup II. The Court finds Jessup II in conjunction with <u>7510 Perla Del Mar Avenue Trust v. Bank of America, N.A</u>, 458 P.3d 348 (Nev. 2020) (en banc).to be persuasive authority which it is appropriate to follow as to the inquiry under Nevada law to determine futility of tender. <u>See</u> <u>U.S. Bank, N.A. v. Lone Mt. Quartette Cmty. Ass'n</u>, 2021 U.S. App. LEXIS 7607 at *4 (Mar. 16, 2021)(reversing prior judgment since district court's order was based upon Jessup I).

The Court will therefore vacate its prior judgment and order rebriefing in this case.

For the reasons stated,

**IT IS HEREBY ORDERED** that Defendant's Motion for Relief (ECF No. 80) is GRANTED. The Judgement (ECF No. 64) in this case is VACATED.

**IT IS FURTHER ORDERED** that the parties are directed to file dispositive briefs by April 29, 2021 with responses by May 13, 2021 and replies by May 27, 2021.

**IT IS FURTHER ORDERED** that the Motion to Extend Time (ECF No. 81) is DENIED without prejudice as moot.

**DATED**: <u>March 31, 2021</u>.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**